IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| E. DRAKE, | ) | CIVIL 16-00478 LEK-RLP |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MERCEDES BENZ USA, AND AUTOHAUS LLC, | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER DISMISSING "PLAINTIFF'S ORIGINAL COMPLAINT"
WITHOUT PREJUDICE AND RESERVING RULING ON
PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS**

On August 29, 2016, pro se Plaintiff Eric Drake ("Plaintiff") filed "Plaintiff's Original Complaint" ("Complaint") and a Motion to Proceed in Forma Pauperis ("Application"). [Dkt. nos. 1, 2.] The Court has considered these matters without a hearing pursuant to Rule LR7.2(e) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the Complaint and the relevant legal authority, this Court HEREBY DISMISSES the Complaint WITHOUT PREJUDICE – in other words, Plaintiff has LEAVE TO FILE an amended complaint. This Court will reserve ruling on the Motion until Plaintiff files his amended complaint.

**BACKGROUND**

The Defendants in this action are Mercedes Benz USA

("MBUSA") and Autohaus LLC ("AH," collectively "Defendants"). Plaintiff alleges that jurisdiction and venue are proper in this district court because "AH sells automobiles in Hawaii" and "MBUSA sells automobile parts in Hawaii County, Hawaii and worldwide."[1]  [Complaint at pg. 1.]  However, the events that form the basis of Plaintiff's claims occurred in Lafayette Parish, Louisiana.  [Id. at ¶ 6.]  Although Plaintiff alleges that Defendants each "expected or should have expected that its acts would have consequences within the United States," [id. at ¶ 9,] he does not allege that Defendants' actions had any consequences in Hawai`i.  Plaintiff states he is "a citizen of the United States," [id. at ¶ 6,] and his address of record is a Texas address [id. at pg. 26].  Based on the allegations in the Complaint, Plaintiff has no apparent ties to Hawai`i.

Plaintiff alleges that: he purchased a Mercedes Benz spoiler from AH on May 27, 2014; and MBUSA sold the spoiler to him through AH.  [Id. at ¶ 12.]  According to Plaintiff, "the spoiler was defective because the product label had a pass [sic] due expiration date" and, because of the age of the tape, it would not "properly adhere to the deck-lid (or trunk) of the car without its failing."  [Id.]  Plaintiff alleges that Defendants'

---

[1] Plaintiff alleges that this Court has jurisdiction over this case based on, *inter alia*: 28 U.S.C. § 1343(a)(1) and (3) (civil rights claims); 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1367 (supplemental jurisdiction).  [Id. at pgs. 1-2.]

conduct in selling the defective spoiler constituted deceptive trade practices, in violation of the Texas Deceptive Trade Practice statute and federal antitrust laws. [Id. at ¶¶ 12-14.] In addition, Plaintiff alleges that AH discriminated against him because of his race when he attempted to return the spoiler, and also discriminated against him on a prior occasion when he attempted to purchase a vehicle from AH. He further alleges that AH's counsel committed ethical violations when Plaintiff retained an attorney to try to negotiate with AH's counsel to settle Plaintiff's disputes with AH. [Id. at ¶¶ 15-20.]

Plaintiff alleges the following claims: race discrimination, in violation of 42 U.S.C. §§ 1981 and 1983; deprivation of his rights under 42 U.S.C. § 2000a; gross negligence; fraud; breach of contract; antitrust violations/deceptive and unfair trade practices; a claim for specific performance; a claim seeking exemplary damages and the imposition of vicarious liability based on conspiracy, actual authority agency liability, and respondeat superior; negligence and negligent misrepresentation; a claim for declaratory relief; intentional infliction of emotional distress; and a claim seeking attorney's fees, costs, and interest. [Id. at pgs. 7-24.]

## STANDARD

"Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who

submits an affidavit that demonstrates he is unable to pay." Smallwood v. Fed. Bureau of Investigation, CV. NO. 16-00505 DKW-KJM, 2016 WL 4974948, at *1 (D. Hawai`i Sept. 16, 2016) (citing 28 U.S.C. § 1915(a)(1)).

> The Court subjects each civil action commenced pursuant to Section 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails to state a claim); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

Id. at *3.

In addition, this Court has recognized that the following standards apply in the screening analysis:

> Plaintiff is appearing pro se; consequently, the court liberally construes her pleadings. Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam))). The court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th. [sic] Cir. 2000).

> Despite the liberal pro se pleading standard, the court may dismiss a complaint pursuant to

>     Federal Rule of Civil Procedure 12(b)(6) on its
>     own motion. See Omar v. Sea-Land Serv., Inc., 813
>     F.2d 986, 991 (9th Cir. 1987) ("A trial court may
>     dismiss a claim *sua sponte* under [Rule] 12(b)(6).
>     Such a dismissal may be made without notice where
>     the claimant cannot possibly win relief.");
>     Ricotta v. California, 4 F. Supp. 2d 961, 968 n.7
>     (S.D. Cal. 1998) ("The Court can dismiss a claim
>     *sua sponte* for a Defendant who has not filed a
>     motion to dismiss under Fed. R. Civ. P.
>     12(b)(6)."); see also Baker v. Dir., U.S. Parole
>     Comm'n, 916 F.2d 725, 727 (D.C. Cir. 1990)
>     (holding that district court may dismiss cases *sua
>     sponte* pursuant to Rule 12(b)(6) without notice
>     where plaintiff could not prevail on complaint as
>     alleged). Additionally, a paid complaint that is
>     "obviously frivolous" does not confer federal
>     subject matter jurisdiction and may be dismissed
>     *sua sponte* before service of process. Franklin v.
>     Murphy, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984);
>     see also Fed. R. Civ. P. 12(h)(3); Grupo Dataflux
>     v. Atlas Global Group, L.P., 541 U.S. 567, 593
>     (2004) ("[I]t is the obligation of both district
>     court and counsel to be alert to jurisdictional
>     requirements."). "Federal courts are courts of
>     limited jurisdiction," possessing "only that power
>     authorized by Constitution and statute." United
>     States v. Marks, 530 F.3d 799, 810 (9th Cir. 2008)
>     (quoting Kokkonen v. Guardian Life Ins. Co., 511
>     U.S. 375, 377 (1994)). The assumption is that the
>     district court lacks jurisdiction. See Kokkonen,
>     511 U.S. at 377. Accordingly, a "party invoking
>     the federal court's jurisdiction has the burden of
>     proving the actual existence of subject matter
>     jurisdiction." Thompson v. McCombe, 99 F.3d 352,
>     353 (9th Cir. 1996).

Mather v. Nakasone, Civil No. 13-00436 LEK-KSC, 2013 WL 4788930, at *1-2 (D. Hawai`i Sept. 5, 2013) (alterations in Mather) (citation omitted).

## DISCUSSION

### I. Improper Venue

None of the events at issue in this case occurred in

5

Hawai`i. Nor does the Complaint even allege that Plaintiff suffered any damages in Hawai`i as a result of Defendants' actions and omissions. The only allegation about Hawai`i is that Defendants each make sales in Hawai`i. Thus, it appears that this district court may not be the proper venue for Plaintiff's claims.

"Venue in federal courts is governed by statute." Spagnolo v. Clark Cty., CIVIL NO. 15-00093 DKW-BMK, 2015 WL 7566672, at *2 (D. Hawai`i Nov. 24, 2015) (citing Leroy v. Great Western United Corp., 443 U.S. 173, 181 (1979)). "The plaintiff has the burden of showing that venue is proper in this district." Id. (citing Piedmont Label Co. v. Sun Garden Packing Co., 598 F.2d 491, 496 (9th Cir. 1979)). 28 U.S.C. § 1391(b) states:

> **Venue in general.** – A civil action may be brought in –
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For venue purposes, MBUSA and AH are each "deemed to reside . . . in any judicial district in which such defendant is subject to

the court's personal jurisdiction with respect to" Plaintiff's case.  See § 1391(c)(2).

The following analysis applies to the determination of whether Defendants are subject to this Court's personal jurisdiction with respect to Plaintiff's claims:

> The district court considers two factors before exercising personal jurisdiction over a nonresident defendant . . . : "(1) whether an applicable state rule or statute potentially confers jurisdiction over the defendant; and (2) whether assertion of such jurisdiction accords with constitutional principles of due process." Flynt Distrib. Co. v. Harvey, 734 F.2d 1389, 1392 (9th Cir. 1984).  "The jurisdictional inquiries under state law and federal due process merge into one analysis" when, as here, the state's long-arm statute is "co-extensive with federal due process requirements." Roth v. Garcia Marquez, 942 F.2d 617, 620 (9th Cir. 1991).  See Cowan v. First Ins. Co. of Hawaii, 61 Haw. 644, 649, 608 P.2d 394, 399 (1980) (Hawaii's long-arm statute, Haw. Rev. Stat. § 634-35, was adopted to expand the jurisdiction of Hawaii's courts to the extent permitted by the due process clause of the Fourteenth Amendment). Accordingly, personal jurisdiction over [the defendant] depends on federal due process requirements.
>
> The Due Process Clause protects a person's "liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'" Burger King Corp. v. Rudzewicz, 471 U.S. 462, 471-72, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 319, 66 S. Ct. 154, 90 L. Ed. 95 (1945)).  The Due Process Clause requires that defendants have "certain minimum contacts with [Hawaii] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe, 326 U.S. at 316, 66 S. Ct. 154; Data Disc, Inc. v. Systems Tech. Assocs., Inc., 557 F.2d 1280, 1287 (9th Cir.

7

1977). The minimum contacts required mean that the defendant must have purposefully availed itself of the privilege of conducting activities within the foreign jurisdiction, thereby invoking the benefits and protections of the foreign jurisdiction's laws. See Asahi Metal Indus. Co. v. Sup. Court of Cal., Solano County, 480 U.S. 102, 109, 107 S. Ct. 1026, 94 L. Ed. 2d 92 (1987). In applying Due Process Clause requirements, courts have created two jurisdictional concepts — general and specific jurisdiction.

A court may exercise general jurisdiction over the defendant when the defendant is a resident or domiciliary of the forum state, or the defendant's contacts with the forum state are continuous, systematic, and substantial. Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414–16, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984); Data Disc, 557 F.2d at 1287 ("If the nonresident defendant's activities within a state are 'substantial' or 'continuous and systematic,' there is a sufficient relationship between the defendant and the state to support jurisdiction even if the cause of action is unrelated to the defendant's forum activities."). . . .

Specific jurisdiction, on the other hand, may be found when the cause of action arises out of the defendant's contact or activities in the forum state. See Roth v. Garcia Marquez, 942 F.2d 617, 620 (9th Cir. 1991); Data Disc, 557 F.2d at 1287. To ensure that the exercise of specific jurisdiction is consistent with due process in this particular case, this court must be satisfied that the following have been shown:

> 1) the nonresident defendant must have purposefully availed himself of the privilege of conducting activities in the forum by some affirmative act or conduct; 2) plaintiff's claim must arise out of or result from the defendant's forum-related activities; and 3) exercise of jurisdiction must be reasonable.

Roth, 942 F.2d at 620–21.

Maui Elec. Co. v. Chromalloy Gas Turbine, LLC, 942 F. Supp. 2d 1035, 1041-42 (D. Hawai`i 2013) (some alterations in Maui Elec.) (footnote omitted).

This Court concludes that it could not exercise specific jurisdiction over Defendants because Plaintiff's claims in this case do not arise out of Defendants' contacts with, or activities in, Hawai`i.  Further, based on the allegations in the Complaint, this Court cannot conclude that either Defendant is a Hawai`i resident or domiciliary for jurisdictional purposes or that either has "continuous, systematic, and substantial" contacts with Hawai`i.  See id. at 1041.  Thus, this Court concludes that it could not exercise general jurisdiction over Defendants.  Because it could not exercise either general or specific jurisdiction over Defendants, this Court concludes that Defendants are not Hawai`i residents for purposes of the venue analysis.  See § 1391(b)(1).

Further, based upon the allegations in the Complaint, this Court cannot find that "a substantial part of the events or omissions giving rise to" Plaintiff's claims occurred in Hawai`i, nor can it find that "a substantial part of property that is the subject of" Plaintiff's claims is located in Hawai`i.  See § 1391(b)(2).  Finally, § 1392(b)(3) does not apply because Plaintiff arguably could have brought this action in the United

9

States District Court for the district in Louisiana where most of the events at issue in this case occurred. This Court therefore CONCLUDES that venue in the District of Hawai`i is improper in this case.

> This district court has stated:
>
> Under 28 U.S.C. § 1406, if the court finds that the case has been filed "in the wrong division or district," it must "dismiss, or if it be in the interest of justice, transfer the case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). . . .

Spagnolo, 2015 WL 7566672, at *2. "A court should examine a plaintiff's claim to determine whether the interests of justice require transfer instead of dismissal." Rosiere v. United States, CIVIL NO. 16-00260 HG-RLP, 2016 WL 3408848, at *2 (D. Hawai`i June 1, 2016) (citing King v. Russell, 963 F.2d 1301, 1305 (9th Cir. 1992)), *report and recommendation adopted as modified*, 2016 WL 3440566 (D. Hawai`i June 20, 2016).

This Court has examined Plaintiff's claims, and notes that the Complaint in the instant case is virtually identical to "Plaintiff's Original Complaint," which Eric Drake filed on August 29, 2016 in the United States District Court for the Western District of Louisiana, Lafayette Division. See Drake v. Mercedes Benz USA, et al., 6:16-cv-01228-RFD-CBW ("Louisiana Action"). The Louisiana Action is still pending, and the magistrate judge granted the plaintiff leave to proceed *in forma pauperis*. See id., dkt. no. 3. Eric Drake also apparently

10

attempted to file a similar – if not identical – complaint in the United States District Court for the Eastern District of Texas, Sherman Division, but he was not permitted to do so because of a prior order prohibiting him from proceeding *in forma pauperis* in future actions without leave of court.  See In re Eric Drake, CIVIL ACTION No. 4:16-mc-37-RC, Order Denying Motion Requesting Permission to File Suit, filed 5/8/16 (dkt. no. 2).  In light of Plaintiff's filings in other districts – particularly in the Louisiana Action – this Court CONCLUDES that the interests of justice do not require it to transfer the instant case instead of dismissing it.  This Court therefore DISMISSES Plaintiff's Complaint based on improper venue.

## II. **Leave to Amend**

As previously noted, unless amendment is not possible, a pro se plaintiff is entitled to notice of the defects in his complaint and the opportunity to cure the defects by amendment.  See Lucas, 66 F.3d at 248.  This Court CONCLUDES that it is arguably possible for Plaintiff to cure the defects identified in this Order by amending the Complaint to: 1) allege facts that would support a conclusion that venue is proper in this district because this Court would be able to exercise general jurisdiction over both Defendants for purposes of Plaintiff's claims; and 2) establish that Plaintiff's claims in the instant case are not duplicative of the claims in the Louisiana Action.  The dismissal

of Plaintiff's Complaint must therefore be WITHOUT PREJUDICE.

This Court GRANTS Plaintiff leave to file an amended complaint by **November 29, 2016**.  Plaintiff's amended complaint must include **all** of the claims that he wishes to allege, and **all** of the allegations that his claims are based upon, even if he previously presented them in the original Complaint.  He cannot incorporate any part of his original Complaint into the amended complaint by merely referring to the original Complaint.

This Court CAUTIONS Plaintiff that, if he fails to file his amended complaint by **November 29, 2016**, or if the amended complaint fails to cure the defects that this Court has identified in this Order, this Court will dismiss his claims **with prejudice** – in other words, **without leave to amend**.  Plaintiff would then have no remaining claims in this district court, and this Court would direct the Clerk's Office to close the case.

This Court also emphasizes that it has only conducted a preliminary screening of the Complaint, analyzing the issue of venue.  This Order makings no finding or conclusions regarding the merits of Plaintiff's claims.  If Plaintiff files an amended complaint, this Court will conduct further screening, including – but not limited to – analyzing whether Plaintiff states claims that satisfy the Rule 12(b)(6) standard.

**III. Motion**

Insofar as this Court has dismissed the Complaint with

12

leave to amend, this Court finds that it is not appropriate for it to rule on the Motion at this time.  This Court will therefore RESERVE RULING on the Motion until Plaintiff files an amended complaint.  If any portion of Plaintiff's amended complaint survives the screening process, this Court will then rule upon the Motion and address whether Plaintiff is entitled to proceed *in forma pauperis.*

### **CONCLUSION**

On the basis of the foregoing, Plaintiff's Original Complaint, filed August 29, 2016, is HEREBY DISMISSED WITHOUT PREJUDICE.  This Court GRANTS Plaintiff leave to file an amended complaint by **November 29, 2016**.  The amended complaint must comply with the terms of this Order.

In light of the dismissal of the Complaint without prejudice, this Court RESERVES RULING on the Motion to Proceed in Forma Pauperis, also filed August 29, 2016, pending Plaintiff's filing of an amended complaint and this Court's screening of the amended complaint.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, September 30, 2016.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**E. DRAKE VS. MERCEDES BENZ USA, ET AL; CIVIL 16-00478 LEK-RLP; ORDER DISMISSING "PLAINTIFF'S ORIGINAL COMPLAINT" WITHOUT PREJUDICE AND RESERVING RULING ON PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS**